UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARPER,<br><br>           Plaintiff,<br><br>     v.<br><br>JEFF BLAZO,<br><br>           Defendant. | Case No. 1:17-cv-01717-LJO-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

Jason Harper ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 4, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel William McCaslin and Michelle Angus telephonically appeared on behalf of Defendant.

During the Conference, and with the benefit of the scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There

1

that:

1. Defendant has forty-five days from the date of service of this order to provide Plaintiff with all documents identified in his initial disclosures. Defendant does not have to provide Plaintiff with documents already provided. To the extent Defendant withholds documents under the official information privilege, Defendant shall submit those documents for *in camera* review, along with an explanation of why Defendant believes the documents are privileged and/or propose redactions.

2. If, in the course of discovery, Defendant withholds a document under the official information privilege that includes the name of an individual that may have knowledge relevant to this case, Defendant shall submit the withheld document(s) to the Court for *in camera* review, along with an explanation of why Defendant believes the document(s) are privileged and/or proposed redactions.

3. The discovery requests listed in Plaintiff's scheduling conference statement (ECF No. 31, pgs. 6-7) are to be treated as discovery requests that were served on the date of service of this order.

---

is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").
    [2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.
    [3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

4. Within thirty-days of the completion of Plaintiff's deposition, Defendant shall email the Court's courtroom deputy (mrooney@caed.uscourts.gov) regarding whether Defendant wants a settlement conference in this case. If Defendant wants a settlement conference, Defendant shall provide potential dates, as well as any other information Defendant believes is relevant for the Court's consideration.

IT IS SO ORDERED.

Dated: **February 12, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE