UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARPER,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF BLAZO,<br><br>    Defendant. | Case No. 1:17-cv-01717-LJO-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM<br><br>(ECF NO. 36)<br><br>THIRTY-DAY DEADLINE |

Jason Harper ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claims against defendant Blazo for failure to protect in violation of the Eighth Amendment and for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF Nos. 14 and 17).

On April 24, 2019, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. (ECF No. 36). Plaintiff requests the following documents from CAL/OSHA:

    1) All documents related to CAL/OSHA's surprise inspection, where they did interviews, and conducted an investigation of violations that were found, what citations were given, what penalties were imposed, CSP@Corcoran and P.I.A. laundry besides being shut down and certain equipment locked and shut down for safety violations;
    2) All complaints sent to CAL/OSHA regarding P.I.A. Laundry at California State Prison at Corcoran;

1

    3) All documents as to what CAL/OSHA workers reports stated was wrong with P.I.A. laundry at the time [the] investigation was done on;
    4) All reports of inmates/employee's injuries from 4/19/2016, reported to CAL/OSHA within the 8hr time limit pursuant to CAL/OSHA regulations and names of the injured. (Note: if not reported within the 8hr allotted time period, please have provided the dates and time of injured inmates on April 19, 2016, were reported);
    5) Policies and procedures on what injuries constitutes to be reported to CAL/OSHA when it comes to eye injures with chimical [sic] burns and what paperwork needs to be filled out for those particular injuries;

(Id. at 1-2).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff's case involves an injury he allegedly suffered while working at the laundry at California State Prison, Corcoran. Thus, many of the documents Plaintiff is seeking appear to be relevant, and the Court will grant Plaintiff's motion and send him a subpoena *duces tecum* (form AO 88B) to complete and return.

However, many of Plaintiff's requests are overbroad. In only one of his requests does

2

he specify a date for the documents he is seeking.  Accordingly, the Court will require Plaintiff to limit his requests to a particular time period, and to specify the date of the alleged surprise inspection.  If Plaintiff does not know the exact date of the inspection, he should estimate to the best of his ability.

The Court notes that nothing in this order prevents CAL/OSHA from objecting to these requests, including on relevance and/or overbreadth grounds.[1]

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena *duces tecum* is GRANTED, with the requirement that Plaintiff limit his requests for documents as described above;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: __**April 26, 2019**__                /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may file a motion to compel after he receives responses from CAL/OSHA if he wishes to challenge its objections.