UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL, aka JASON SCOTT HARPER,<br><br>Plaintiff,<br><br>v.<br><br>JEFF BLAZO,<br><br>Defendant. | Case No. 1:17-cv-01717-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE COURT-IMPOSED FINES NOW UNENFORCEABLE AND UNCOLLECTABLE PER P.C. § 1465.9<br><br>(ECF No. 81) |

Sequoyah Deserthawk Kidwell, aka Jason Harper ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 11, 2019, Defendant filed a notice of settlement. (ECF No. 71). On October 3, 2019, the parties filed a joint stipulation dismissing the action with prejudice. (ECF No. 75). In the stipulation, the parties agreed that each party was responsible for its own litigation costs and attorney's fees. (Id.). On October 4, 2019, the Court issued an order directing the Clerk of Court to close the case. (ECF No. 76). In that order, the Court noted that the action had been dismissed with prejudice and without an award of costs or attorney's fees. (Id.).

On April 25, 2023, Plaintiff filed a motion to vacate court-imposed fines now unenforceable and uncollectable per P.C. § 1465.9 (ECF No. 81), which is now before the Court. Plaintiff asks the Court to vacate its order imposing costs/fines. Plaintiff argues this is required

1

by Penal Code § 1465.9. Plaintiff argues that, when imposing the fine on Plaintiff, the Court failed to give proper consideration to Plaintiff's indigent status.

Plaintiff's motion will be denied. Plaintiff cites to the California penal code and cases involving fines and fees imposed in state criminal cases.[1] However, this is not a criminal case, and the Court did not impose a fine or fee on Plaintiff. Additionally, as discussed above, this case was dismissed without an award of costs or attorney's fees. To the extent Plaintiff is referring to the filing fee in this case, that was not a fine or fee imposed on Plaintiff as punishment, it was the cost of filing this civil case.

Moreover, even if the cases cited by Plaintiff applied to filing fees in civil state court cases, Plaintiff does not cite to any authority, nor is the Court aware of any, suggesting that this state law controls in this federal case in federal court. And, federal law requires Plaintiff to pay the filing fee even though he was granted *in forma pauperis* status. 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion to vacate court-imposed fines now unenforceable and uncollectable per P.C. § 1465.9 is DENIED.

IT IS SO ORDERED.

Dated:   **April 26, 2023**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also cites, but does not discuss, Timbs v. Indiana, 203 L. Ed. 2d 11, 139 S. Ct. 682 (2019). However, Timbs involved a state forfeiture action and the Eighth Amendment Excessive Fines Clause. As discussed above, the Court did not impose a penalty or fine on Plaintiff in this case.